**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                            No. CR 10-1596 JB

ESTEBAN ARRAGAN - SANCHEZ,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion to Deviate From Advisory Guideline Recommendation, filed September 2, 2010 (Doc. 16). The Court held a hearing on April 26, 2011. The primary issue is whether the Court should depart and vary from the advisory guideline imprisonment range of 41 to 51 months, which is the product of an offense level of 20 and a criminal history category of III, to a sentence within a guideline imprisonment range of 30 to 37 months, which an offense level of 18 and a criminal history category of II produce. The Court will not downwardly depart on Defendant Esteban Arragan-Sanchez' criminal history category, because a criminal history category of III does not substantially overrepresent his criminal history. It will, however, downwardly vary to a sentence more consistent with an offense level of 19 and a criminal history category of III, and sentence Arragan-Sanchez to a sentence of 37 months.

**PROCEDURAL BACKGROUND**

On March 29, 2010, a Criminal Complaint was filed against Arragan-Sanchez, which alleged that Arragan-Sanchez, an alien who had previously been arrested and deported following a conviction for an aggravated felony, and who had not received consent of the appropriate authority

to reapply for admission into the United States, was found in the United States in violation of 8 U.S.C. § 1326(a)(1), (a)(2), and (b)(2). See Doc. 1. On June 2, 2010, Arragan-Sanchez pled guilty to a violation of 8 U.S.C. § 1326(a) and (b) -- reentry of a removed alien. See Doc. 13.

On August 3, 2010, the United States Probation Office ("USPO") disclosed the Presentence Investigation Report ("PSR"). The PSR calculated Arragan-Sanchez' adjusted offense level as 24, his total offense level as 21 after a 3-level reduction for acceptance of responsibility, and his total offense level pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure as 20. The PSR assessed 3 criminal-history points for a conviction for attempted battery with substantial bodily harm, 1 point for a conviction for battery (domestic violence), 2 points because Arragan-Sanchez committed this federal offense before his parole for his conviction of attempted battery expired, and 1 point under U.S.S.G. § 4A1.1(e), because he committed this federal offense less than two years after his release from custody. The battery (domestic violence) conviction stems from the same incident as the conviction for attempted battery with substantial bodily harm. Arragan-Sanchez' total criminal history points is 7, which establishes a criminal history category of IV. The PSR stated that Arragan-Sanchez' criminal history appears to be overrepresented. On August 18, 2010, the USPO disclosed an Addendum to the PSR, stating that Arragan-Sanchez had submitted a written statement of acceptance of responsibility.

On September 2, 2010, Arragan-Sanchez filed a Motion to Deviate From Advisory Guideline Recommendation. See Doc. 16. Arragan-Sanchez asks the Court to depart and vary from the recommended guideline range to an offense level of 18 and criminal history category of II, resulting in a guideline imprisonment range of 30 to 37 months. He argues that the arrest, conviction, and sentence for his attempted battery charge resulted in 7 criminal history points. Arragan-Sanchez argues that 3 criminal history points accurately achieve the goals of 18 U.S.C. § 3553(a).

On November 4, 2010, Plaintiff United States of America filed the United States' Response to Defendant's Sentencing Memorandum.  See Doc . 19.  The United States represents that it does not oppose a one-category departure in criminal history, but is opposed to any further departures or variances from the guideline range.  The United States argues that a criminal history category of III does not overrepresent Arragon-Sanchez' criminal conduct, because of the violent nature of his conduct.  The United States asserts that many defendants charged with illegally reentering the United States after deportations have families and circumstances similar to Arragan-Sanchez' family and circumstances.  The United States thus asks the Court to conclude that a sentence within the advisory guideline range of 41 to 51 months would constitute an appropriate sentence.

On November 4, 2010, the USPO disclosed the Second Addendum to the PSR, stating that it had assessed Arragan-Sanchez 1 point under U.S.S.G. § 4A1.1(e), but under the 2010 guidelines manual currently in effect and recent amendments, U.S.S.G. § 4A1.1(e) is no longer applicable.  The Second Addendum thus stated that Arragan-Sanchez' criminal history category is now a category III.  It also stated that, as a result of Arragan-Sanchez' current criminal history category, it does not appear that his criminal history is now overrepresented.

On January 7, 2011, Arragan-Sanchez filed the Supplement to Motion to Vacate.  See Doc. 25.  He argues that the double use of the prior conviction to enhance the base offense level by 16 levels and to increase the criminal history score does not advance 18 U.S.C. § 3553(a)'s purposes.  He also argues that the criminal history score overrepresents the seriousness of his criminal history or likelihood he will commit other crimes.

## ANALYSIS

The Court has reviewed PSR, the Addendum, and the Second Addendum.  There not being any objections to the PSR's, Addendum's, and Second Addendum's factual findings, the Court will

adopt those as its own. The Court has considered the PSR's and Second Addendum's sentencing guideline applications. There not being any objections to those in the Second Addendum, the Court will adopt those as its own. The Court has also considered the factors that 18 U.S.C. § 3553(a) sets forth. The offense level is 21 and the criminal history category is III, establishing a guideline imprisonment range of 46 to 57 months. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the plea agreement, which stipulates to an offense level of 20, as the Court is satisfied the agreed-offense level departs for justifiable reasons. The plea agreement is pursuant to a nonstandard fast track plea agreement. In Section 401(m)(2)(B) of the PROTECT Act, Congress approved early disposition or fast-track programs if certain conditions are met. The Court believes that these conditions are met in this case, and this departure is in the lower part of the range of departures that Congress allowed. The Court's sentence will be consistent with the plea agreement.

An offense level of 20 combined with a criminal history category of III establishes a guideline imprisonment range of 41 to 51 months. The Court notes Arragan-Sanchez reentered the United States after a conviction for a crime of violence and subsequent deportation. The Court has, as the record will reflect, carefully considered the guidelines. In arriving at its sentence, the Court has taken into account not only the guidelines, but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After careful consideration of the parties' arguments, the Court does not believe that the punishment that the guidelines set forth is appropriate for this sort of offense. The Court has considered the kinds of sentences and ranges that the guidelines establish, and while the Court believes some variance is appropriate, the Court does not believe a downward variance as large as the one Arragan-Sanchez has requested is appropriate.

The Court will not downwardly depart on Arragan-Sanchez' criminal history, because a criminal history of III does not significantly overrepresent Arragan-Sanchez' criminal record. U.S.S.G. § 4A1.3(b)(1) provides: "Standard for Downward Departure. -- If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." The Court is concerned about the nature of the crime that has caused so many problems for Arragan-Sanchez. In 2008, Arragan-Sanchez went to his ex-girlfriend's apartment, and, upon gaining entry, he rushed in and grabbed her by the shirt. Two people pulled him off of her and asked him to leave. He then produced a knife and started slashing at the victims. This incident led to convictions for attempted battery with substantial bodily harm and for battery (domestic violence). The PSR assessed 3 points for the conviction for attempted battery with substantial bodily harm and 1 point for the conviction for battery (domestic violence). It also assessed 2 points because Arragan-Sanchez committed this federal offense while he was still under a criminal justice sentence -- he was on parole for his conviction for attempted battery with substantial bodily harm. The Court has a hard time saying that the criminal history of III substantially overrepresents Arragan-Sanchez' criminal history. 6 points, the remaining number of points for Arragan-Sanchez, is at the very top of the criminal history category III. Attempted battery with substantial bodily harm and battery (domestic violence) are serious crimes. Arragan-Sanchez also was previously arrested for battery (domestic violence) for a separate incident in 2008. Given the recency of Arragan-Sanchez' convictions and arrests, and that the crimes and alleged crimes were of a violent nature, the Court does not believe that a downward departure for an overrepresented criminal history is justified. The Court believes that a criminal history category of III is appropriate.

The Tenth Circuit has held that "double counting" of a "conviction to calculate both the offense level and the criminal history category is permissible," United States v. Ochoa-Olivas, No. 10–2250, 2011 WL 2160551, at *3 (10th Cir. June 2, 2011)(quoting United States v. Ruiz-Terraza, 477 F.3d 1196, 1204 (10th Cir. 2007)). The PSR calculated a 16-level increase to his offense level for his conviction for attempted battery with substantial bodily harm. The PSR also assessed 6 criminal-history points to Arragan-Sanchez based on the incident that gave rise to his conviction for attempted battery with substantial bodily harm. Although "double counting" is permissible, the Court believes that the advisory guideline sentence nonetheless over reflects this one incident. The Court believes that a sentence that is more consistent with an offense level of 19 and a criminal history category of III and a range of 37 to 46 months, is more appropriate, and takes some of the overemphasis out of the calculations. The Court believes that a sentence of 37 months is adequate to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and otherwise fully and effectively reflect each of the factors set forth in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable and more so than one within the sentencing guideline range. Finally, the Court believes this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.

**IT IS ORDERED** that the Defendant's Motion to Deviate From Advisory Guideline

Recommendation, filed September 2, 2010 (Doc. 16), is granted in part and denied in part. The Court will not downwardly depart on Defendant Esteban Arragan-Sanchez' criminal history category, because a criminal history category of III does not substantially overrepresent his criminal history. It will, however, downwardly vary to a sentence more consistent with an offense level of 19 and sentence Arragan-Sanchez to a sentence of 37 months.

                                                                      _____
                                                                      UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Norman Cairns
   Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*


Angela Arellanes
Albuquerque, New Mexico

      *Attorney for the Defendant*