# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Esteban Arragan-Sanchez** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **2:10CR01596-001JB** |
| | USM Number: **55531-051** |
| | Defense Attorney: **Angela Arellanes, Appointed** |

THE DEFENDANT:

☒  pleaded guilty to count(s) **Information**
☐  pleaded nolo contendere to count(s)  which was accepted by the court.
☐  after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)/(b) | Re-entry of a Removed Alien | 03/27/2010 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count .
☐  Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**April 26, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**August 4, 2011**
Date Signed

Defendant: **Esteban Arragan-Sanchez**
Case Number: **2:10CR01596-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **37 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**The Court has reviewed Presentence Investigation Report ("PSR"), the Addendum, and the Second Addendum. There not being any objections to the PSR`s, Addendum`s, and Second Addendum`s factual findings, the Court will adopt those as its own. The Court has considered the PSR`s and Second Addendum`s sentencing guideline applications. There not being any objections to those in the Second Addendum, the Court will adopt those as its own. The Court has also considered the factors that 18 U.S.C. § 3553(a) sets forth. The offense level is 21, and the criminal history category is III, establishing a guideline imprisonment range of 46 to 57 months. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the plea agreement, which stipulates to an offense level of 20, as the Court is satisfied the agreed-offense level departs for justifiable reasons. The plea agreement is pursuant to a nonstandard fast track plea agreement. In Section 401(m)(2)(B) of the PROTECT Act, Congress approved early disposition or fast-track programs if certain conditions are met. The Court believes that these conditions are met in this case, and this departure is in the lower part of the range of departures that Congress allowed. The Court`s sentence will be consistent with the plea agreement.**

**An offense level of 20 combined with a criminal history category of III establishes a guideline imprisonment range of 41 to 51 months. The Court notes Defendant Esteban Arragan-Sanchez reentered the United States after a conviction for a crime of violence and subsequent deportation. The Court has, as the record will reflect, carefully considered the guidelines. In arriving at its sentence, the Court has taken into account not only the guidelines, but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After careful consideration of the parties` arguments, the Court does not believe that the punishment that the guidelines set forth is appropriate for this sort of offense. The Court has considered the kinds of sentences and ranges that the guidelines establish, and while the Court believes some variance is appropriate, the Court does not believe a downward variance as large as the one Arragan-Sanchez has requested -- a variance to a guideline sentencing range of 30 to 37 months -- is appropriate.**

**The Court will not downwardly depart on Arragan-Sanchez` criminal history, because a criminal history of III does not significantly overrepresent Arragan-Sanchez` criminal record. U.S.S.G. § 4A1.3(b)(1) provides: "Standard for Downward Departure. -- If reliable information indicates that the defendant`s criminal history category substantially over-represents the seriousness of the defendant`s criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." The Court is concerned about the nature of the crime that has caused so many problems for Arragan-Sanchez. In 2008, Arragan-Sanchez went to his ex-girlfriend`s apartment, and, upon gaining entry, he rushed in and grabbed her by the shirt. Two people pulled him off of her and asked him to leave. He then produced a knife and started slashing at the victims. This incident led to convictions for attempted battery with substantial bodily harm and for battery (domestic violence). The PSR assessed 3 criminal history points for the conviction for attempted battery with substantial bodily harm and 1 point for the conviction for battery (domestic violence). It also assessed 2 points because Arragan-Sanchez committed this federal offense while he was still under a criminal justice sentence -- he was on parole for his conviction for attempted battery with substantial bodily harm. The Court has a hard time saying that the criminal history of III substantially overrepresents Arragan-Sanchez` criminal history. 6 points, the remaining number of points for Arragan-Sanchez, is at the very top of the criminal history category III. Attempted battery with substantial bodily harm and battery (domestic violence) are serious crimes. Arragan-Sanchez also was previously arrested for battery (domestic violence) for a separate incident in 2008. Given the recency of Arragan-Sanchez` convictions and arrests, and that the crimes and alleged crimes were of a violent nature, the Court does not believe that a downward departure for an overrepresented criminal history is justified. The Court believes that a criminal history category of III is appropriate.**

**The Tenth Circuit has held that "double counting" of a "conviction to calculate both the offense level and the criminal history category is permissible." United States v. Ochoa-Olivas, No. 10?2250, 2011 WL 2160551, at *3 (10th Cir. June 2, 2011)(quoting United States v. Ruiz-Terraza, 477 F.3d 1196, 1204 (10th Cir. 2007)). The PSR calculated a 16-level increase to his offense level for his conviction for attempted battery with substantial bodily harm. The PSR also assessed 6 criminal-history points to Arragan-Sanchez based on the incident that gave rise to his conviction for attempted battery with substantial bodily harm.**

**Although "double counting" is permissible, the Court believes that the advisory guideline sentence nonetheless over reflects this one incident. The Court believes that a sentence that is more consistent with an offense level of 19 and a criminal history category of III, and a range of 37 to 46 months, is more appropriate, and takes some of the overemphasis out of the calculation. The Court believes that a sentence of 37 months is adequate to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and otherwise fully and effectively reflect each of the factors set forth in 18 U.S.C. § 3553(a). While this sentence varies from the advisory guideline range, this sentence better reflects the factors in 18 U.S.C. § 3553(a) than does the guideline range, because it reflects the Sentencing Commission`s concerns, but does not over reflect that one incident. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted) -- the Court believes this sentence is reasonable and more so than one within the sentencing guideline range. Finally, the Court believes this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act.**

☒     The court makes the following recommendations to the Bureau of Prisons:

        **Big Spring Federal Correctional Institution, Big Spring, Texas, if eligible**

☒     The defendant is remanded to the custody of the United States Marshal.
☐     The defendant shall surrender to the United States Marshal for this district:
        ☐     at  on
        ☐     as notified by the United States Marshal.
☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        ☐     before 2 p.m. on
        ☐     as notified by the United States Marshal
        ☐     as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


                                           UNITED STATES MARSHAL

                                           By
                                           DEPUTY UNITED STATES MARSHAL

Defendant: **Esteban Arragan-Sanchez**
Case Number: **2:10CR01596-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years unsupervised**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Esteban Arragan-Sanchez**
Case Number: **2:10CR01596-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must not reenter the United States without legal authorization.**

Defendant: **Esteban Arragan-Sanchez**
Case Number: **2:10CR01596-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒      The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$waived** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☐   In full immediately; or

B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.